■ Poly Construction Corp., Respondent, v. Oxford Hall Contracting Corp. et al., Appellants. (Action No. 1.) Oxford Hall Contracting Corp. et al., Appellants, v. Poly Construction Corp., Respondent. (Action No. 2.) — In two separate actions between the same parties (designated as "Action No. 1" and "Action No. 2"), relating to a contract for the construction of an apartment house, the defendants in Action No. 1 (who are the plaintiffs in Action No. 2) appeal from so much of an order of the Supreme Court, Queens County, entered January 13, 1965, as: (a) granted the motion of the plaintiff in Action No. 1 to consolidate it with Action No. 2, for trial in Queens County; and (b) denied the appellants' cross motion to consolidate the actions for trial in Kings County. Order affirmed, with $10 costs and disbursements. Action No. 1 had been commenced in Queens County prior to the commencement of Action No. 2 in Kings County. The parties are identical in both actions, except that their respective positions are reversed. In our opinion, under the circumstances here, the Special Term properly exercised its discretion. The calendar condition of both counties is almost similar. Concededly the condition of the calendar is a factor to be considered in fixing the venue of actions. Assuming, however, that the delay in Kings County is six weeks, whereas the delay in Queens County is three months, it is obvious that the longer delay in Queens County was not the moving factor upon which appellants relied in seeking consolidation in Kings County; five months have elapsed since the entry of the order appealed from. Hence, it was proper to apply the general rule that, upon consolidation of separate actions begun in different counties between the same parties upon related transactions, the venue is to be fixed in the county wherein jurisdiction was first invoked (*Efco Prods. v. Long Is. Baking,* 6 A D 2d 832, and cases there cited). ·Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ The People of the State of New York ex rel. Anonymous, Respondent, v. Anonymous, Appellant.— In a habeas corpus proceeding by a husband against his wife to obtain the custody of two minor children, in which the wife asserts that the husband is not the father, the wife appeals from an order of the Supreme Court, Nassau County, entered March 19, 1965, which denied her application to require the husband to submit to a blood grouping test. Order affirmed (see *Hill v. Hill,* 20 A D 2d 923). ·Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.